[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Kenneth W. Simon, Esq. Defense Counsel, for Petitioner
Christopher Morano, Esq. Assistant State's Attorney, for the State CT Page 7912
Petitioner was tried before a jury on the charge of murder in violation of General Statutes 53a-54a(a) and convicted of the lesser included offense of manslaughter in the first degree in violation of General Statutes53a-55(a)(1). A sentence of eighteen years was imposed as a result of this conviction.
The facts underlying petitioner's conviction indicate that on November 1, 1991, in Hartford, the victim had been harrassing [harassing] a relative of petitioner. Petitioner intervened and struck the victim, knocking him down. Thereafter the victim and petitioner went their separate ways. Later, they confronted each other and the defendant was armed with a knife which he used to stab the victim, causing his death.
Petitioner's attorney requested that the sentence be modified. He stated that the offense was basically one of self defense in which the victim attacked petitioner and petitioner attempted to protect himself. The attorney also stressed that the cause of the confrontation was petitioner's attempt to protect an elderly relative from attack by the victim. The fact that petitioner had suffered a brain injury and only had a fourth grade education was also mentioned by the attorney. Petitioner's lack of a criminal record was also stressed. In requesting a modification the attorney argued that the sentence imposed was devoid of any rehabilitative aspect.
The State's attorney argued against any reduction. He pointed out that the homicide resulted from petitioner getting a knife and returning to the street. He also stressed the violence of the attack in which petitioner plunged the knife through a leather coat worn by the victim. The affect of the death of the victim on his children and their mother was also stressed by the State's attorney who argued that the sentence was just and should stand.
In this matter, petitioner was convicted of an offense in which he took the life of another person. The sentence imposed was under the maximum provided by law. Considering all factors involved in this case it must be concluded that the sentence imposed was not inappropriate or disproportionate in light of the nature of the offense and, the other criteria contained in Practice Book 942. CT Page 7913
The sentence is affirmed.
Purtill, J.
Klaczak, J.
Miano, J.
Purtill, J., Klaczak, J. and Miano, J. participated in this decision.